## Malarik v. Battalini

*James M. Malarik,* pro se.
*Richard S. Start, Edward A. Yurcon, Courtney B. Barthelemy* and *Jeff A. Hollowood,* for defendants.

KUNSELMAN, *P.J.,* April 13, 2007—These matters are before the court on a motion for sanctions filed on

behalf of the defendants. The motion seeks orders of dismissal of the actions under Pa.R.C.P. 1023.4 because the plaintiff has filed forged medical records in the three cases. Although the plaintiff has clearly filed forged medical records, we are unable to grant the relief requested for several reasons.

We recognize that a pro se party, by filing a document, certifies that, among other things, it is not being presented for any improper purpose and that the factual allegations have evidentiary support. Pa R.C.P. 1023.1(c)(1) and (3). Sanctions may be ordered by the court for violations of Rule 1023.1 but are to be limited to that which is sufficient to deter repetition. Pa.R.C.P. 1023.4(a)(1). The sanctions may consist of directives of a nonmonetary nature, an order to pay money into court or an order to pay the moving party's attorney fees and expenses. Pa.R.C.P. 1023.4(a)(2)(i)(ii) and (iii). Notably absent in the list of authorized sanctions is dismissal of the cause of action. In fact, our independent research has disclosed no authority to dismiss a cause of action because the plaintiff submitted forged medical records. Thus, we believe this to be a case of first impression.

We observe that the sanction of non pros is available for the violation of a discovery order. (Pa.R.C.P. 4019(c)(3).) However, the plaintiff's filing of the forged medical records was not pursuant to a discovery order. We further observe that the court has authority to enter an appropriate judgment against a party upon default or omission. (Pa.R.C.P. 1037(c).) However, there is neither default nor omission. Finally, neither the contempt power of the court nor an order under 42 Pa.C.S. §2503 provide the remedy the defendants are seeking.

Nevertheless, we conclude that the filing of forged medical records to pursue tort claims for personal injuries is so egregious that some sanction must be imposed. Since the defendants are proceeding under Pa.R.C.P. 1023.4 and since that rule authorizes "directives of a nonmonetory nature," we will make such a directive. We will direct that the plaintiff be precluded from introducing into evidence at trial any medical testimony on the issues of injuries and causation.

We reach this conclusion after considering the egregiousness of filing forged medical records; the willfulness in doing so; the plaintiff's pattern of filing many frivolous, nonsensical and duplicitous papers in the actions; and the filing of forged papers by the plaintiff in the United States District Court for the Western District of Pennsylvania, the United States Court of Appeals for the Third Circuit and the United States Supreme Court. This court will not permit the plaintiff to benefit from such a pattern of activity. An appropriate order is attached.

## ORDER

For the reasons set forth in the attached opinion, the plaintiff, James M. Malarik, is precluded from introducing into evidence any medical testimony as to his injuries and the cause thereof at trial of the above entitled matters.

The court having been advised that the plaintiff is presently confined in the Allegheny County Jail, the prothonotary is directed to mail a copy of the attached opinion and this order to the plaintiff at his mailing address and at the Allegheny County Jail, 950 2nd Avenue, Pittsburgh, PA 15219-3100.